UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

No. 10 - 2942 - CMM

UNITED STATES OF AMERICA

vs.

JOHN A. DUVERGER
and
ANDREI SUCRE,
        Defendants.
_____/

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to October 14, 2003? _____ Yes __X__ No

2. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to September 1, 2007? _____ Yes __X__ No

                Respectfully submitted,

                WIFREDO A. FERRER
                UNITED STATES ATTORNEY

BY: _____
                Barbara A. Martinez
                Assistant United States Attorney
                Court ID No. A5500536
                99 N. E. 4th Street
                Miami, Florida 33132-2111
                TEL (305) 961-9146
                FAX (305) 536-4676
                Barbara.Martinez2@usdoj.gov

AO 91 (Rev. 01/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| United States of America | ) |
| v. | ) |
| JOHN A. DUVERGER, | ) Case No. 10-2942-CMM |
| and | ) |
| ANDREI SUCRE | ) |
| *Defendant* | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date of  07/01/2010  in the county of  Miami-Dade  in the  Southern  District of  Florida , the defendant violated  18  U. S. C. §  1591(a), 2 , an offense described as follows:

Knowingly, in and affecting interstate and foreign commerce, recruiting, enticing, harboring, transporting, providing, obtaining, and maintaining by any means a person, that is, A.G. and C.C., knowing and in reckless disregard of the fact that A.G. and C.C. had not attained the age of eighteen and would be caused to engage in a commercial sex act; and aiding and abetting in such violation.

This criminal complaint is based on these facts:

SEE ATTACHED AFFIDAVIT

☒ Continued on the attached sheet.

_____
*Complainant's signature*

Regino E. Chavez - FBI Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date:  07/02/2010

_____
*Judge's signature*

City and state:  MIAMI, FL     U.S. MAGISTRATE CHRIS M. McALILEY
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF COMPLAINT

I, Regino E. Chavez, being duly sworn, depose and say:

1. I am a Special Agent with the Federal Bureau of Investigation (FBI), United States Department of Justice. I have worked in this position since November of 2003. I am currently assigned to the Miami Field Office of the FBI and I am a member of the Minor Vice Task Force (MVTF) in South Florida. The MVTF is comprised of state, local, and federal law enforcement which includes the City of Miami Police Department (MPD), Miami-Dade Police Department (MDPD), Miami Beach Police Department (MBPD), and the Broward Sheriff's Office (BSO), whose purpose is to address the Department of Justice's "Innocence Lost" initiative. I am presently assigned to handle violent crimes, including offenses involving sex trafficking of children, in violation of Title 18, United States Code, Section 1591; enticing a minor to engage in prostitution, in violation of Title 18, United States Code, Section 2422(b); as well as offenses involving transportation for purposes of prostitution, in violation of Title 18, United States Code, Section 2421. Prior to being assigned to the Miami Field Office, I was assigned to the San Juan Field Office for approximately five (5) years and have participated in investigations involving money laundering and drug trafficking, as well as police corruption and violations of civil rights.

2. I base the facts in this affidavit upon my personal knowledge, as well as knowledge, information, and documentation that I obtained from other law enforcement officers while in my official capacity. I am submitting this affidavit for the limited purpose of establishing probable cause for a criminal complaint against JOHN A. DUVERGER, date of birth August 27, 1987 (hereinafter referred to as DUVERGER) and ANDREI SUCRE, date of birth November 24, 1989 (hereinafter referred to as SUCRE). This affidavit does not include every fact that I know about this investigation.

3.      On July 1, 2010, an undercover prostitution operation was conducted by MDPD, MBPD, and the FBI. The undercover prostitution operation was intended to recover a minor female, identified as C.C. (hereafter C.C.), who was being sexually exploited. The exploitation of C.C. came to the attention of MDPD through information provided by her father, who identified her by name and date of birth. C.C.'s father provided MDPD with advertisements from the website backpage that depicted two nearly nude females in sexually suggestive poses.[1] The contact number on those two advertisements was XXX-XXX-9521. An undercover MDPD detective placed a telephone call to that contact number and arranged to meet two females as part of a prostitution date. The prostitution date was arranged to take place at a motel located in Hialeah, Florida (hereinafter referred to as the Motel). The undercover MDPD detective arrived at the Motel and engaged in a monetary transaction with the two minor females in furtherance of a prostitution date. At that time the two females were placed in protective custody. The two females were identified as A.G., a minor female child (hereinafter referred to as A.G.) and C.C. Law enforcement has determined that C.C. is 17 years old and A.G. is 13 years old. Upon coming into contact with A.G. it became evident that A.G. was the other female depicted in the backpage advertisements with C.C.

4.      C.C. was interviewed. C.C. provided the following information:

a.      C.C. was a prostitute and DUVERGER was her pimp. C.C. met DUVERGER approximately two weeks prior to the date of the interview online on the website MySpace.[2] Through their communication over MySpace, C.C. agreed to let DUVERGER pick her up at the

---

[1] The internet site **"http://www.backpage.com"** is a collection of internet-based online resources, including classified ads, forums, and various email services.

[2] The internet website **"http://www.MySpace.com"** is a social networking website where people can befriend each other in cyber space.

2

shelter where she was staying. DUVERGER, SUCRE, and A.G. picked up C.C. on or about Sunday, June 27, 2010. At that time C.C. told DUVERGER that she was 17 years old and the date of her birthday.

b.   C.C. started to work for DUVERGER as a prostitute on or about June 28, 2010. DUVERGER introduced C.C. to SUCRE and to A.G. DUVERGER arranged C.C.'s prostitution dates. DUVERGER told C.C. to text him after she was done with her prostitution dates. He also told her that texting the word "blue" meant everything was fine and that texting the word "red" meant that something was wrong or that the police had shown up.

c.   SUCRE bought condoms for C.C. and paid for the room in the Motel, where they stayed. SUCRE did this with money that A.G. made working as a prostitute for him. On one occasion C.C. asked DUVERGER for permission to buy some clothes and he gave his permission to her to do so. C.C. gave the money she earned working as a prostitute to DUVERGER. At one point C.C. tried to give her money to SUCRE, and he told her that she should not give her money to him, but to DUVERGER. SUCRE told C.C. that A.G. was his and that C.C. was DUVERGER's.

d.   SUCRE took pictures of C.C. with a camera that belonged to DUVERGER. Both DUVERGER and SUCRE posted advertisements of C.C. on backpage. DUVERGER and SUCRE used the same laptop in order to post these advertisements. SUCRE used his prepaid card to pay for the advertisements.

e.   C.C. had two dates that involved the exchange of sexual activity for money. The first date paid her $120.00 and the second date paid her $200.00. She gave this money to DUVERGER. Two other dates were arranged with SUCRE's involvement. One was arranged with an Unknown Male, who showed up, but did not go through with his date; and the other was arranged with the

undercover Detective from MDPD.

    5.    A.G. was interviewed and provided the following information:

    a.    A.G. was a prostitute and SUCRE was her pimp. S.G. met SUCRE through a neighbor approximately four months before the interview. At the time A.G. met SUCRE she told him that she was 17 years old. On or about June 26, 2010, SUCRE told A.G. that she was going to be his prostitute. He told her that it was going to be a good thing for her life.

    b.    A.G. started to work for SUCRE as a prostitute. SUCRE arranged A.G.'s prostitution dates. SUCRE told C.C. to text him after she was done with her prostitution dates. He also told her that texting the word "blue" meant everything was fine and that texting the word "red" meant that something was wrong or that the police had shown up.

    c.    SUCRE bought condoms for A.G. and paid for the room in the Motel, where they stayed. SUCRE did this with money that A.G. made working as a prostitute for him. SUCRE also bought A.G. clothes for her to work as a prostitute. A.G. gave the money she earned working as a prostitute to SUCRE.

    d.    SUCRE took pictures of A.G. with a camera that belonged to DUVERGER. Both DUVERGER and SUCRE posted advertisements of A.G. on backpage. DUVERGER and SUCRE used the same laptop in order to post these advertisements. SUCRE used his prepaid card to pay for the advertisements.

    e.    A.G. had eight or nine prostitution dates that involved the exchange of sexual activity for money. She gave all the money from these prostitution dates to SUCRE. One of the dates was arranged with an Unknown Male, who showed up, but did not go through with his date; and another was arranged with the undercover Detective from MDPD. SUCRE drove A.G. to all her prostitution

dates that took place away from the Motel.

6. Law enforcement officials recovered cellular telephones from A.G., DUVERGER, and SUCRE, as well as the laptop computer used by DUVERGER and SUCRE to post advertisements of A.G. and C.C. on backpage. SUCRE was in possession of the cellular telephone bearing call number XXX-XXX-9521 that was used on the backpage advertisements. The cellular telephones and the laptop computer are currently in the custody of the affiant.

7. Based upon my training and experience, and as further supported by the facts in this affidavit, I respectfully submit that there is probable cause to believe that JOHN A. DUVERGER and ANDREI SUCRE, knowing, in and affecting interstate and foreign commerce, did recruit, entice, harbor, transport, provide, obtain, and maintain, by any means a person, that is A.G. and C.C., knowing, and in reckless disregard of the fact that A.G. and C.C. had not attained the age of 18 and would be caused to engage in a commercial sex act, in violation of Title 18, United States Code, Section 1591(a). The basis for this belief is the statements of C.C., the statements of A.G., and the advertisements discovered on backpage. The facility and means of interstate commerce include, but are not limited to, the renting and use of hotel rooms, the purchase of condoms, the use of cellular

telephone XXX-XXX-9521, and the payment and use of the internet advertisements.

I declare under penalty of perjury that the information in this affidavit is true and correct.

_____
REGINO E. CHAVEZ, SPECIAL AGENT
FEDERAL BUREAU OF INVESTIGATION

SUBSCRIBED and SWORN to
before me this 2nd day of July 2010 in Miami, Florida.

_____
CHRIS M. McALILEY
UNITED STATES MAGISTRATE JUDGE